IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SEMMATERIALS, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 05-320-S-LMB |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALLIANCE ASPHALT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Currently pending before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 35) filed by Plaintiff SemMaterials, LP ("Plaintiff"). Plaintiff has not provided Defendant Alliance Asphalt, Inc. ("Defendant") with notice of this Motion. The Court, however, may grant a temporary restraining order without notice to Defendant if it clearly appears that immediate and irreparable loss or damage will result to Plaintiff before Defendant can be heard in opposition. Fed. R. Civ. P. 65(b).

In this action, Defendant has failed to appear since the withdrawal of its counsel nearly three months ago, despite repeated Orders from the Court requiring Defendant to appear and warning Defendant that default may be entered against it for the failure to appear. (Docket Nos. 28, 30, 31). Considering Defendant's recalcitrance when faced with the possibility of default, it appears highly unlikely that Defendant would respond in a timely manner to Plaintiff's present Motion if given notice.

Additionally, Plaintiff faces a threat of immediate and irreparable damage because Defendant filed Articles of Dissolution with the state of Idaho on November 16, 2006—shortly after the Court sent an order to show cause warning of default—and Defendant represented in these Articles that no suits are pending against it, despite the fact that the present action has been

ORDER - 1

pending since 2005. *See Plaintiff's Memorandum* (Docket No. 36); *Heil Affidavit*, Ex. A (Docket No. 37). Defendant's former counsel has notified the Court that the owners of Defendant have already closed the business. *See Order*, p. 2 (Docket No. 31). Considering Defendant's misrepresentation in its dissolution proceeding and the closing of its business, Defendant may distribute or otherwise dispose of its assets or records before Plaintiff can obtain the discovery documents ordered to be produced in this action and also before Plaintiff can recover any damages through a judgment.

Moreover, Plaintiff has a high likelihood of success on the merits of its claims given that the Clerk of the Court has been directed to enter default against Defendant and that the only issue remaining to be determined is the amount of damages appropriate to include in Plaintiff's requested default judgment. Under these circumstances, and for the reasons set forth in Plaintiff's supporting Memorandum and the Affidavit of John Heil, it is appropriate to grant the requested temporary restraining order without requiring that notice be given to Defendant.[1]

A hearing on the damages issue, request for default judgment, and the Motion for Preliminary Injunction will be held on January 3, 2007, at which time Defendant may appear (through counsel) and be heard on these issues. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (explaining that the underlying purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm "just so long as it is

---

[1] In this respect, the Court specifically finds, pursuant to Federal Rule of Civil Procedure 65(b), that Plaintiff's likelihood of succeeding on the merits of its claims is great, and that if this Temporary Restraining Order is not issued, Plaintiff will likely suffer immediate and irreparable harm before Defendant can be heard in opposition to Plaintiff's Motion, especially considering that Defendant has ignored three prior Court Orders requiring its appearance and response in this action. This harm includes, but is not limited to, the inability to secure or attach funds or property belonging to Defendant in order to satisfy the judgment it appears likely the Plaintiff will obtain against Defendant in this matter pursuant to Defendant's default.

necessary to hold a hearing, and no longer"). The Court also will require Plaintiff to post a bond as security in the event it is determined that Defendant was wrongfully restrained. Fed. R. Civ. P. 65(c). This bond, and Defendant's ability to appear at the hearing to challenge continuation of the restraint and to present evidence on damages, will more than adequately protect Defendant's interests should Defendant desire to do so.

**ORDER**

Accordingly, IT IS THEREFORE HEREBY ORDERED:

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 35) is GRANTED, in part. Plaintiff's request for a temporary restraining order is granted, but the Court's ruling on Plaintiff's request for a preliminary injunction is deferred until after a hearing can be held on the request.

2. Defendant, its officers, directors, agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them, are hereby enjoined from engaging in the following conduct:

> (a) liquidating, concealing, distributing, or otherwise transferring any of Defendant's corporate assets or other property, real or personal, during Defendant's corporate dissolution proceedings or otherwise; and
>
> (b) destroying, concealing, transferring, altering or modifying in any way any of Defendant's financial records or documents Plaintiff has sought in its discovery requests previously served in this matter, which were the subject of Plaintiff's Motion to Compel recently granted by the Court on December 4, 2006 (Docket No. 32).

3. This Temporary Restraining Order will be in effect for ten (10) days following entry of this Order.  See Fed. R. Civ. P. 65(b) (limiting order to ten days); Fed. R. Civ. P. 6 (computing time).

4. A hearing shall be held on **January 3, 2007, at 1:30 p.m.**, at the United States Courthouse in Boise, Idaho, to determine whether the Court should issue a preliminary injunction and whether (and in what amount) damages should be awarded to Plaintiff by way of a default judgment.

5. Plaintiff shall secure an undertaking in the amount of $2,000.00 pursuant to the terms of Fed. R. Civ. P. 65(c).

6. A copy of this Temporary Restraining Order shall be personally served by Plaintiff on Defendant's owners, Susan Buckley Watson and Cory & Kristina Rose, at their personal addresses.

7. If Defendant desires to challenge the issuance of a preliminary injunction and/or the damages to be awarded in Plaintiff's requested default judgment, it must appear through counsel at the January 3, 2007 hearing.

8. This Temporary Restraining Order is binding upon Defendant and its officers, directors, agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receives actual notice of this Order by personal service or otherwise pursuant to Fed. R. Civ. P. 65(d).

DATED this 20th day of December, 2006, at the hour of 3:30 p.m.



_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

ORDER - 4

ORDER - 5