IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SEMMATERIALS, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 05-320-S-LMB |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ALLIANCE ASPHALT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

This matter came before the Court for hearing on Plaintiff SemMaterials, L.P.'s

("Plaintiff's") Motion for Temporary Restraining Order and Preliminary Injunction (Docket No.

35), which motion was previously granted in part by the Court on December 20, 2006, when the

Court granted a temporary restraining order against Defendant Alliance Asphalt, Inc.

("Defendant"). Having heard the testimony of witnesses, reviewed Plaintiff's motion and

supporting memorandum and the accompanying Affidavit of John F. Heil, III, and the argument

of counsel, the Court hereby makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1.      Since the withdrawal of Defendant's counsel on September 22, 2006 (Docket No.

30), Defendant has failed to appear and defend this action, despite repeated Orders from this

Court requiring Defendant to appear with the warning to Defendant that default may be entered

against it for the failure to appear.  (Docket Nos. 28, 30, 31).

2.      On November 16, 2006, shortly after the Court issued an order to show cause

against Defendant warning of a default, Defendant filed Articles of Dissolution with the State of

Idaho.  In its Articles of Dissolution, Defendant affirmatively represented that no suits are

**ORDER - 1**

pending against it, despite the fact that the present action has been pending since August 2005. *Heil Affidavit*, Ex. A (Docket No. 37).

  3.  Defendant's former counsel has notified the Court that the owners of Defendant have already closed the business. *Order*, p. 2 (Docket No. 31).

  4.  Defendant has not complied with this Court's Order (Docket No. 32) granting Plaintiff's Motion to Compel and directing it to produce certain discovery documents requested by Plaintiff by that Defendant has continuously refused to produce. *Heil Affidavit*, ¶ 4 (Docket No. 37).

  5.  A Temporary Restraining Order was entered against Defendant on December 20, 2006 (Docket No. 40), enjoining Defendant, its officers, directors, agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them, from

> (a)  liquidating, concealing, distributing, or otherwise transferring any of Defendant's corporate assets or other property, real or personal, during Defendant's corporate dissolution proceedings or otherwise; and

> (b)  destroying, concealing, transferring, altering or modifying in any way any of Defendant's financial records or documents Plaintiff has sought in its prior discovery requests, which were the subject of Plaintiff's Motion to Compel recently granted by the Court on December 4, 2006 (Docket No. 32).

In that Order, a hearing on Plaintiff's Motion for Preliminary Injunction was scheduled for January 3, 2007, and directed that, if Defendant wished to challenge the issuance of a preliminary injunction, it must appear by counsel at the January 3rd hearing. (*Id.* at p. 4).

  6.  On December 20, 2006, an Order (Docket No. 39) was entered granting Plaintiff's Motion for Entry of Default against Defendant and Plaintiff's request for an expedited hearing, and scheduling an evidentiary hearing on Plaintiff's Motion for Default Judgment for January 3, 2007, for purposes of determining the amount of Plaintiff's damages.

**ORDER - 2**

7.      On December 29, 2006, Plaintiff posted bond as required by the December 20, 2006 Order.  (*See* Docket Nos. 40 & 42).

8.      Despite receiving personal service of Plaintiff's moving papers for a preliminary injunction and default judgment, as well as the Order setting a hearing on Plaintiff's pending motions for January 3, 2007, *Affidavit of Service* (Docket No. 41), Defendant failed to appear for the January 3, 2007 hearing or to provide any written response or opposition to Plaintiff's motions.

9.      During the January 3, 2007 hearing, Plaintiff appeared by counsel and presented evidence establishing the amount of damages it has sustained.  At the conclusion of the hearing, this Court granted Plaintiff's motion for default judgment and directed counsel to submit proposed findings of fact and conclusions of law, as well as a proposed judgment in favor of Plaintiff.

## CONCLUSIONS OF LAW

1.      The Court has jurisdiction over Defendant Alliance and the subject matter of this action.

2.      Plaintiff provided Defendant with appropriate notice of its Motion for Entry of Default, Default Judgment and Expedited Hearing (Docket No. 33) and Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 35).

3.      Under the Ninth Circuit Court of Appeals' traditional formulation, the Court should consider when ruling on a motion for preliminary injunction

> (1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable harm to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief.

*Miller ex rel. NLRB v. California Pacific Med. Ctr.*, 19 F.3d 449, 456 (9th Cir. 1994) (en banc). This test requires the moving party to show either:  (1) probable success on the merits and

possible irreparable injury, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply toward the party requesting the preliminary relief, and at least a fair chance of success on the merits. *Id.* These alternative formulations are not separate tests but represent "'two points on a sliding scale in which the degree of irreparable harm increases as the probability of success decreases.'" *Id.* (quoting *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 174 (9th Cir. 1987)).

4.     Based on the Findings of Fact set forth above, there is a strong likelihood that Plaintiff will succeed on the merits of its claims given that Plaintiff's request for default judgment has been granted against Defendant on Plaintiff's claims and Defendant's counterclaims.

5.     Based on the Findings of Fact set forth above, Plaintiff also faces a threat of immediate and irreparable injury if the requested injunction is not issued where the circumstances suggest that Defendant may distribute or otherwise dispose of its assets or records before Plaintiff can obtain the discovery documents ordered to be produced in this action and before Plaintiff can recover any damages through a judgment.

**ORDER OF PRELIMINARY INJUNCTION**

Now, therefore, it is hereby ORDERED as follows:

1.     Plaintiff's Motion for Preliminary Injunction (contained in Docket No. 35) is GRANTED, disposing of Docket Number 35 in its entirety.

2.     Defendant Alliance, and its officers, directors, agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them, are hereby enjoined until further order of this Court from engaging in the following conduct:

> (a) liquidating, concealing, distributing or otherwise transferring any of Defendant Alliance's corporate assets or other property, real or personal, during Alliance's corporate dissolution proceedings or otherwise; and

**ORDER - 4**

(b) destroying, concealing, transferring, altering or modifying in any way any of Defendant Alliance's financial records or documents Plaintiff has sought in its discovery requests previously served in this matter, which were the subject of Plaintiff's Motion to Compel recently granted by the Court on December 4, 2006 (Docket No. 32).

3.    A copy of this Order shall be personally served by Plaintiff on Defendant's owners, Susan Buckley Watson and Cory & Kristina Rose, at their personal addresses.

4.    This Order is binding upon Defendant Alliance and its officers, directors, agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receives actual notice of this Order by personal service or otherwise pursuant to Fed. R. Civ. P. 65(d).

5.    Until further order of the Court, the Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Order.

6.    The preliminary injunction shall be in effect as of January 3, 2007 *nunc pro tunc*.

DATED:  **January 5, 2007**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER - 5**