IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEMMATERIALS, L.P., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALLIANCE ASPHALT, INC., ) <br> ) <br> Defendant. ) <br> _____) | Case No. CV 05-320-S-LMB <br><br> **ORDER** |

Currently pending before the Court is Plaintiff SemMaterials, L.P.'s ("Plaintiff's") Application to Assess Attorneys' Fees. (Docket No. 38). Defendant has not responded to Plaintiff's Application and the time for doing so has expired. In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending application would not be significantly aided by oral argument, the Court will address and resolve the application without a hearing. Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order.

**DISCUSSION**

On December 4, 2006, the Court entered an Order (Docket No. 32) granting Plaintiff's Motion to Compel Defendant Alliance Asphalt, Inc. ("Defendant") to Answer Interrogatories and Produce Documents (Docket No. 24). This Order stated that "Plaintiff's counsel has complied with the letter and spirit of Local Civil Rule 37.1 in communicating with Defendant's counsel before filing the Motion to Compel," and "[f]or this reason, and because Plaintiff's Motion to Compel has been granted and Defendant has not responded or taken advantage of the opportunities the Court has provided to be heard on the matter," Plaintiff is awarded "the

**ORDER - 1**

reasonable expenses incurred in bringing its Motion to Compel." *Order*, pp. 3-4 (Docket No. 32) (citing Fed. R. Civ. P. 37(a)(4)(A)).

Plaintiff has now submitted an application for those expenses and the supporting affidavit of its counsel, as required by the December 4, 2006 Order. *See Heil Affidavit*[1] (Docket No. 38, Att. 2). Plaintiff requests attorneys' fees in the amount of $2,310.00 as the reasonable expenses incurred in bringing its Motion to Compel. *See id.* at ¶ 5. Counsel for Plaintiff, John F. Heil, III, has averred that this amount represents the fees reasonably incurred for his efforts to obtain sufficient discovery responses from Defendant and to prepare and file the Motion to Compel. *Id.* at ¶¶ 5, 7. Additionally, Mr. Heil submitted that this amount is based on hourly rates charged to Plaintiff that are reasonable and reflect the hourly rates customarily billed to his clients for similar professional services. *Id.* at ¶ 7.

Moreover, the hourly rate charged by Mr. Heil, $220, is commensurate with the rates charged by other attorneys with similar years of experience in the Boise area. *See Salmi Affidavit*, 12-13 (Docket No. 47, Att.1) (stating the rates charged by Christine Salmi, a Boise attorney with 10 years of experience, are between $180 and $215 per hour and the rates charged by Kelly Cameron, a Boise attorney with 13 years of experience, are between $210 and $230 per hour); Biography of John F. Heil, III, http://www.hallestill.com/view_bio.php?employee=1484 (last visited Jan. 23, 2007)[2] (describing Mr. Heil's 13 years of experience as an attorney). Finally, a thorough review of the time entries and descriptions of the work performed reveals

---

[1] Mr. Heil's Affidavit provides the information required by District of Idaho Local Civil Rule 54.2(b).

[2] The Federal Rules of Evidence allow a court to take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. This rule has been cited by several courts when taking judicial notice of websites and this Court finds it appropriate to take judicial notice of the website of Mr. Heil's lawfirm and the information contained therein. *See, e.g.*, *Quan v. Gonzales*, 428 F.3d 883, 888 (9th Cir. 2005), *Helen of Troy, L.P. v. Zotos Corp.*, 235 F.R.D. 634, 639-640 (W.D.Tex. 2006).

**ORDER - 2**

that an appropriate amount of time was charged for each task undertaken with respect to the Motion to Compel.³  *See Heil Affidavit*, Att. 1, pp. 1-4 (Docket No. 38, Att. 2).

In summary, the information provided by Plaintiff's counsel establishes that the hourly rate, hours worked, and tasks performed were reasonable and necessary in bringing Plaintiff's Motion to Compel.  Accordingly, Plaintiff's Application to Assess Attorney's Fees in the amount of $2,310.00 will be granted.

## ORDER

THEREFORE IT IS HEREBY ORDERED that Plaintiff SemMaterials, L.P.'s Application to Assess Attorneys' Fees (Docket No. 38) is GRANTED, and Defendant Alliance Asphalt shall pay $2,310.00 to Plaintiff for the reasonable expenses incurred in bringing Plaintiff's Motion to Compel.



DATED:  **January 25, 2007**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

---

³ It is notable in considering the reasonableness of Plaintiff's requested fees that it is not seeking expenses such as photocopying and long distance telephone charges.  *Heil Affidavit*, ¶ 9 (Docket No. 38, Att. 2).

**ORDER - 3**