IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SEMMATERIALS, L.P., | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. CV 05-320-S-LMB |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ALLIANCE ASPHALT, INC., | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

Currently pending before the Court is Plaintiff SemMaterials, L.P.'s ("Plaintiff's") Petition for Attorney's Fees and Non-Taxable Costs. (Docket No. 47). By Order dated January 25, 2007, Plaintiff's request for attorneys' fees was granted, but the ruling on the amount of fees and costs was deferred to allow Defendant an opportunity to respond to the amount requested and to allow the Court time to review the reasonableness of the fees and costs requested. *Findings of Fact, Conclusions of Law, and Order*, p. 10 (Docket No. 50). To date, Defendant has not responded to Plaintiff's Petition and the time for doing so has expired.

In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending petition would not be significantly aided by oral argument, the Court will address and resolve the petition without a hearing. Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order.

**ORDER - 1**

# I.

# ATTORNEYS' FEES

A. **Standards of Law**

The claims on which judgment was entered in this action are based on Idaho substantive law; therefore, disposition of Plaintiff's request for attorneys' fees is also governed by Idaho law. *See Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003) ("An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law."). It has already been determined that attorneys' fees should be awarded in this action pursuant to Idaho Code § 12-120(3). The only issue remaining is the reasonable amount of fees to award.

Idaho law determines both the right to attorney fees and "the method of calculating the fees." *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Idaho, the method of calculating reasonable attorney fees is set forth in Idaho Rule of Civil Procedure 54(e)(3). *See Johnson v. Incline Village Gen. Imp. Dist.*, 5 F. Supp. 2d 1113, 1116-17 (D.Nev. 1998) (recognizing that a state court rule setting forth factors to consider in awarding attorney fees must be applied to determine the reasonableness of a fee award made pursuant to state law).

Rule 54(e)(3) requires a court to consider the following factors in determining the amount of reasonable attorneys' fees:

      (A)    The time and labor required.
      (B)    The novelty and difficulty of the questions.
      (C)    The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law.
      (D)    The prevailing charges for like work.
      (E)    Whether the fee is fixed or contingent.

   (F)  The time limitations imposed by the client or the circumstances of the case.

   (G)  The amount involved and results obtained.

   (H)  The undesirability of the case.

   (I)  The nature and length of the professional relationship with the client.

   (J)  Awards in similar cases.

   (K)  The reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case.

   (L)  Any other factor which the court deems appropriate in the particular case.

Idaho R. Civ. P. 54(e)(3); *see also Pinnacle Eng'rs, Inc. v. Heron Brook, LLC*, 139 Idaho 756, 760, 86 P.3d 470, 474 (2004).

  Although these factors must be considered, it is not required that specific findings be made as to how the factors were employed or applied in making an award of fees. *Smith v. Mitton*, 140 Idaho 893, 902, 104 P.3d 367, 376 (2004); *Irwin Rogers Ins. Agency, Inc. v. Murphy*, 122 Idaho 270, 277, 833 P.2d 128, 135 (Ct. App. 1992). Further, a reviewing court possesses considerable discretion in determining the reasonableness of an attorney fees request. *See Webb v. Ada County*, 195 F.3d 524, 526 (9th Cir. 1999).

  Notably, the above-listed factors are to be considered in setting a *reasonable* attorney's fee. *See* Idaho Code § 12-120(3). Accordingly, the amount of fees billed to a prevailing party by its counsel does not necessarily dictate the amount of attorney fees ultimately awarded. *See Daisy Mfg. Co. v. Paintball Sports, Inc.*, 134 Idaho 259, 263, 999 P.2d 914, 918 (Ct. App. 2000) (noting the reasonable attorney fee set by a court pursuant to Idaho Code § 12-120(3) "may be more or less than the sum which the prevailing party is obligated to pay its attorney under their agreement").

**ORDER - 3**

**B.     Discussion**

Plaintiff requests an award of attorneys' fees in the amount of $52,435.00. *Petition*, p. 1 (Docket No. 47). Plaintiff's attorneys have averred that the fees charged "were actually and necessarily performed and the hours therefore reasonably expended." *Salmi Affidavit*, ¶ 8 (Docket No. 47, Att. 2); *Heil Affidavit*, ¶ 7 (Docket No. 47, Att. 3). In addition, counsel assert that their hourly billing rates are reasonable rates consistent with the fees charged by other attorneys in the Boise, Idaho area with similar experience. *See Salmi Affidavit*, ¶¶ 11-13 (Docket No. 47, Att. 2); *Heil Affidavit*, ¶ 10 (Docket No. 47, Att. 3). A thorough review of the time entries and descriptions of the work performed reveals that an appropriate amount of time was charged by the attorneys for each task undertaken and the hourly rate is appropriate. *See Salmi Affidavit*, Exhibit A (Docket No. 47, Att. 2); *Heil Affidavit*, Exhibit B (Docket No. 47, Att. 3). Accordingly, the fees charged for the work of Plaintiff's attorneys in this action will be awarded in the amounts requested.

However, some of the legal assistant work for which attorneys' fees have been requested involve tasks of a secretarial or clerical nature, and the hours spent on these types of tasks will be excluded from the award. Specifically, Terry Vitt, a certified legal assistant billing at a rate of $125 per hour, has time entries for performing such work as docketing pleadings, motions, and response dates, and "pulling" documents. *See, e.g.*, *Heil Affidavit*, ¶ 11 & Exhibit B, p. 3, 5, 52 (Docket No. 47, Att. 3). As a discretionary matter, the Court finds and thus concludes that the time spent on these types of calendaring and document gathering activities are more clerical or secretarial in nature and may not be recovered as part of a reasonable attorneys' fees award.[1]

---

[1] Time spent updating Casemap and adding persons, witnesses, and organizations to spreadsheets have not been excluded because, although somewhat clerical in nature, these tasks add

**ORDER - 4**

Several courts have discussed whether these types of tasks should be recoverable as part of an attorneys' fees award and their decisions support the exclusion of the clerical tasks from the attorneys' fees awarded in the present action. *See, e.g.*, *Missouri v. Jenkins*, 491 U.S. 274, 288, n. 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"); *Hopi Tribe v. United States*, 55 Fed. Cl. 81, 99-100 (Fed. Cl. 2002) (citing its holding in another case that "clerical services, such as proofreading, assembling, photocopying and mailing exhibits and pleadings, should be performed by lower paid staff and not by partners" and "the cost of these services are more appropriately charged to overhead, and as such, are included within the . . . hourly rate") (citation and internal quotation marks omitted); *In re Meese*, 907 F.2d 1192, 1203-04 (D.C. Cir. 1990) (reducing fees for clerical and secretarial work performed by paralegals and law clerks).[2]

For these reasons, a total of $678.75 will be excluded from the attorneys' fees award for various clerical tasks performed by Ms. Vitt, as set forth more specifically in Appendix A to this Order. In addition, $15.00 will be deducted for the work of Fran Guiterrez, a litigation support assistant billed at $60.00 per hour, for the .25 of an hour spent collating a mediation notebook. *See Heil Affidavit*, ¶ 12 & p. 26 (Docket No. 47, Att. 3) (3/29/06 billing entry). Finally, the

---

to a database that organizes information to save attorneys' time and to help attorneys perform legal services in a more efficient manner. In this way, it is similar to computer-aided legal research, such as Westlaw, the charges for which many courts allow to be recovered as costs.

[2] Although these cases involve application of statutes different than that providing for attorney fees in the present action, the holding of *Jenkins* has been applied to various statutes/rules allowing for recovery of reasonable attorney fees. *See, e.g., Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058 (2d. Cir. 1989) (stating that "the Supreme Court instructs us that the same standards [as *Jenkins*] apply to other fee-shifting statutes where an award is made to the prevailing party") (citation and internal quotation marks omitted). Moreover, the cases cited above are of persuasive value.

**ORDER - 5**

$2,310.00 already awarded to Plaintiff for attorney fees related to its Motion to Compel will be excluded from the award. *See Order* (Docket No. 49). Accordingly, attorneys' fees are awarded to Plaintiff in the amount of $49,431.25.

## II.

## BILL OF COSTS

Plaintiff has submitted a Bill of Costs requesting that the Clerk tax $842.40 in costs. (Docket No. 48). Plaintiff has included in the requested costs certain fees paid to private process servers. *See Bill of Costs*, pp. 10-12 (Docket No. 48) (attachments of invoices from Tri-County Process Serving claiming costs of $66.40, $165.00, and $83.00); *Salmi Affidavit*, ¶ 5 (Docket No. 47, Att. 2). Recovery of costs for private process servers is not provided for in the statute governing costs, 28 U.S.C. § 1920, or in the Court's Local Rules, *see* D. Idaho L. Civ. R. 54.1. In addition, the Bill of Costs form specifies that "[t]he cost of private process servers is NOT ALLOWED." Accordingly, the Clerk of the Court is directed to tax costs on Docket No. 48 in the amount of $528.00 ($250 filing fee for Complaint, plus the $200 pro hac vice application fee, plus $78 in witness fees), rather than the requested amount of $842.40.

## III.

## NON-TAXABLE COSTS

In addition to the taxable costs requested by Plaintiff in its Bill of Costs (Docket No. 48), Plaintiff has requested that the Court award non-taxable costs in the amount of $5,783.14 pursuant to Federal Rule of Civil Procedure 54(d)(1) and District of Idaho Local Civil Rule 54.1(c)(8). *Petition*, p. 1 (Docket No. 47).

**ORDER - 6**

Federal Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Although the Court of Appeals for the Ninth Circuit has construed this Rule "to create a presumption in favor of awarding costs to the prevailing party," the decision to award costs pursuant to this rule is a discretionary one that resides with the district court. *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996).

Applying this discretion in the present action, it is appropriate to exclude certain costs requested by Plaintiff. First, the law firm of Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C. ("Hall Estill") seeks to recover as costs the expenses for "services rendered by Perkins Coie." *See, e.g.*, *Heil Affidavit*, Exhibit B, p. 10 (describing in invoice dated 12/2005 an expense for "[l]egal services rendered by Perkins Coie" on 10/21/05 and 11/15/05); *id.*, Exhibit A, p. 1 (including in the total "expenses" for 12/20/05 the amounts charged by Perkins Coie); *Salmi Affidavit*, Exhibit A, pp. 3, 5 (charging as attorney fees the same amounts listed in the Hall Estill 12/20/05 invoice). Appendix B to this Order sets forth all of the requests for costs by Hall Estill that duplicate the amounts already awarded for Perkins Coie's attorneys' fees. The duplicate costs will be excluded.

Second, both law firms representing Plaintiff have requested an award of costs for copying and scanning expenses. Local Rule 54.1(c), pursuant to which Plaintiff requests these costs, provides a list of specific items for which a prevailing party can recover costs. It also includes a catch-all provision that allows "other items" to "be taxed with prior Court approval." D. Idaho L. Civ. R. 54.1(c)(8). The list of items for which costs may be taxed specifically includes an item addressing costs for "copies of papers and exhibits." *Id.* at 54.1(c)(5). Subsection (c)(5) allows taxing of costs for exhibits necessarily attached to a document (or made

**ORDER - 7**

part of a deposition transcript) but notes that "[t]he cost of copies submitted in lieu of originals" is not taxable, nor is the "cost of reproducing copies of motions, pleadings, notices and other routine case papers." *Id.* Because subsection (c)(5) specifically addresses the allowance of costs for copies, it is appropriate to apply it, instead of the catch-all provision, when determining whether to allow the copying costs requested by Plaintiff.

The Hall Estill materials provide no description of the documents copied, scanned, or sent out to a service for copying. Although it is likely that many of the documents were copied as part of document production, the Court is unable to determine from the records provided by Hall Estill which copying costs should be excluded pursuant to subsection (c)(5) as the cost of reproducing motions, pleadings, or other required court papers. Because it is Plaintiff's burden to demonstrate the costs incurred and that they are compensable, and this information is lacking with respect to the copying costs, these costs will be excluded from the costs awarded under Local Rule 54.1(c).

Third, Hall Estill has listed as a cost the $2,000 bond posted on December 27, 2006 (Docket No. 42) as security for the temporary restraining order granted December 20, 2006 (Docket No. 40). *See Heil Affidavit*, p. 54 (Docket No. 47, Att. 3) (listing on 12/22/06 a $2,000.00 fee "[t]o purchase Cashier's Check for Bond"). This bond now secures the preliminary injunction obtained on January 5, 2007 (Docket No. 44). However, because the bond may be exonerated when the injunction is lifted, it is not an appropriate item to be awarded as a cost.

Finally, the law firm of Perkins Coie requested costs of $339.42, which includes a $250.00 filing fee that was already included in the taxable costs allowed in Plaintiff's Bill of Costs. *Compare Bill of Costs*, p. 5 (Docket No. 48) (charging a filing fee of $250.00 for "Disb

**ORDER - 8**

ID" number 10672480 on 8/25/05) *with Salmi Affidavit*, Exhibit B, p. 2 (Docket No. 47, Att. 2) (charging a filing fee of $250.00 for "Disb ID" number 10672480 on 8/25/05).  Because this $250.00 will be recovered as a taxable cost in the Bill of Costs, it will not be included a second time in the discretionary cost award.  Additionally, the copying costs claimed by Perkins Coie to copy items such as the Complaint, its engagement letter, and various other "routine case papers" will be excluded from the discretionary cost award.  *See* D. Idaho L. Civ. R. 54.1(c)(5).  Thus, only $6.72 of the non-taxable costs requested by Perkins Coie will be allowed.

As demonstrated in Appendix B to this Order, Hall Estill's requested costs of $5,443.72 have been reduced by $4,242.63 through the exclusions explained above, for a total cost award for the Hall Estill expenses of $1,201.09.  This amount is awarded pursuant to Local Rule 54.1(c)(8) for costs associated with postage fees, long distance telephone calls, facsimile charges, mediation expenses, and counsel's travel expenses.

The amount of both law firms' requested discretionary costs that will be awarded is $1,207.81, and the Judgment will be amended to include this amount.

## IV.

## ORDER

THEREFORE IT IS HEREBY ORDERED:

1. Plaintiff's Petition for Attorney's Fees and Non-Taxable Costs (Docket No. 47) is GRANTED, but the amounts requested have been reduced as set forth above. Plaintiff is awarded attorneys' fees in the amount of $49,431.25 and non-taxable costs in the amount of $1,207.81.

**ORDER - 9**

2. The Clerk of the Court is directed to tax costs on Plaintiff's Bill of Costs (Docket No. 48) in the amount of $528.00.

3. The Judgment (Docket No. 51) entered on January 25, 2007 shall be amended to include these costs and attorneys' fees.

DATED: **March 1, 2007**.



_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER - 10**