# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEMMATERIALS, L.P., )<br>an Oklahoma limited partnership, )<br> )<br>         Plaintiff, )<br> )<br>v. )<br> )<br>ALLIANCE ASPHALT, INC., )<br>an Idaho corporation, )<br> )<br>         Defendants. )<br>_____) | Case No. CV 05-320-S-LMB<br><br>**ORDER** |

      Currently pending before the Court is Plaintiff's Motion for an Order to Show Cause Why A Writ of Execution Should Not Be Issued Against The Personal Assets of Cory Rose, Kristina Rose, and Susan Buckley Watson, all officers in the now-dissolved corporation Alliance Asphalt. (Doc. No. 67). The time for filing a response to the Motion has expired with no objections being filed by Defendant Alliance Asphalt, Inc., Cory Rose, Kristina Rose, or Susan Buckley Watson, despite each having been served with a copy of the Motion.[1]

      Having considered all documentation submitted in support of Plaintiff's Motion, and the time for filing an objection having expired with no objection being filed, it is appropriate to grant

---

[1] Plaintiff's Motion included a request for an order to show cause as to Kristina Rose. However, Ms. Rose has filed Chapter 7 bankruptcy proceedings, *see* Notice of Chapter 7 Bankruptcy Filing by Kristina Rose (Docket No. 69), and all proceedings against her are subject to an automatic stay. Accordingly, Plaintiff's Motion is denied to the extent it seeks to recover from the personal assets of Kristina Rose at this time.

**ORDER - 1**

Plaintiff's Motion.  It also has been considered that other courts have allowed recovery against the personal assets of shareholders or officers of a corporation under certain circumstances even when a judgment has been entered only against the corporation.  *See, e.g.*, *Goldman v. Chapman*, 844 N.Y.S.2d 126, 127 (N.Y. App. Div. 2007) (considering special proceeding to enforce a judgment by piercing the veil of a corporation to hold the sole officer and shareholder, not a party to the original suit, personally liable for the corporation's debt); *AIOI Seiki, Inc. v. JIT Automation, Inc.*, 11 F. Supp. 2d 950, 951-54 (E.D. Mich. 1998) (determining that piercing the corporate veil should be pursued by way of writ of execution); *Mccarthy v. State Five Indus. Park, Inc.*, No. CV054015888, 2006 WL 829684, *2 (Conn. Super. Ct., Mar. 15, 2006) (citations and internal quotation marks omitted) (explaining that "[a]ctions to pierce the corporate veil to enforce a judgment, however, do not violate due process because once alter ego status is established, the previous judgment is then being enforced against entities who were, in essence, parties to the underlying dispute; the alter egos are treated as one entity")).

## ORDER

ACCORDINGLY, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for an Order to Show Cause Why A Writ of Execution Should Not Be Issued Against The Personal Assets of Cory Rose, Kristina Rose and Susan Buckley Watson (Doc. No. 67) is GRANTED in part and DENIED in part, without prejudice.

2. The Motion is GRANTED to the extent that Cory Rose and Susan Buckley Watson shall appear before this Court on December 11, 2007, at 1:00 p.m. in order to show cause, if any, why a writ of execution should not be issued against their personal assets, pursuant to Fed. R. Civ. P. 69(a) and Idaho Code § 11-104, in an effort to satisfy the March 1, 2007 Amended Judgment (Docket No. 57) entered in favor of SemMaterials, L.P. against Defendant Alliance Asphalt, Inc.

3. The Motion is DENIED without prejudice with respect to any relief sought against Kristina Rose because she filed for Chapter 7 bankruptcy on or about September 10, 2007, in the United States Bankruptcy Court for the District of Idaho, Case No. 07-01430-TLM,

**ORDER - 2**

and, thus, the instant proceedings against her are automatically stayed at this time, according to the automatic stay provisions of the United States Bankruptcy Code.

DATED: **November 20, 2007**.

/s/ Larry M. Boyle

Honorable Larry M. Boyle
U. S. Magistrate Judge

**ORDER - 3**